UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 26-cv-81081-Cannon/McCabe

RANDY SHERMAN,

Plaintiff,

v.

CITY OF RIVIERA BEACH,

Defendant.
_______________________________________/

**REPORT & RECOMMENDATION**

THIS CAUSE comes before the Court on a Motion to Dismiss Plaintiff's Complaint filed by Defendant City of Riviera Beach, which was referred to the undersigned by United States District Judge Aileen M. Cannon. (DE 18, DE 21). For the reasons set forth below, the undersigned **RECOMMENDS** that the motion be **GRANTED** and that the Complaint be **DISMISSED WITHOUT PREJUDICE**.

## I. BACKGROUND

This is an employment discrimination case brought by Plaintiff Randy Sherman against his employer, Defendant City of Riviera Beach (the "City"), alleging race and skin color discrimination in violation of Title VII of the Civil Rights Act of 1964. (DE 1). The Court accepts the following facts as true, taken from Plaintiff's Complaint. (DE 1).

Plaintiff, a white male, has worked as the City's Chief Financial Officer since October 2012. (DE 1 ¶¶ 8, 15). Plaintiff alleges that the City, whose elected officials and employees are predominantly black, subjected him to racial harassment and discriminatory disciplinary actions. (DE 1 ¶¶ 13–14, 21–25). Plaintiff alleges that he experienced harassment after challenging certain hiring practices of the City's former Director of Human Resources and Risk Management, Tennille DeCoste. (DE 1 ¶¶ 26–62). According to Plaintiff, Director DeCoste hired or promoted

individuals without complying with City policies, and Plaintiff reported her conduct to the City Manager. (DE 1 ¶¶ 33–57). Plaintiff alleges that Director DeCoste thereafter made race and age related statements, accused him of mistreating black women, sent or caused others to send hostile communications, and encouraged other City employees to harass him. (DE 1 ¶¶ 58–62).

Plaintiff also alleges that City Councilman Bruce Guyton subjected him to harassment after Plaintiff refused to authorize certain travel expense payments that violated City policies. (DE 1 ¶¶ 67–90). During a June 2025 meeting, Councilman Guyton allegedly accused Plaintiff of being racist and sexist and threatened to take action against the City Manager if he failed to address Plaintiff's conduct. (DE 1 ¶¶ 75–78). Councilman Guyton subsequently issued a memorandum criticizing Plaintiff's conduct, and he publicly pressured the City Manager to discipline Plaintiff during a City Council meeting. (DE 1 ¶¶ 79–90).

In September 2025, Plaintiff became involved in a disagreement with an outside consultant during a meeting concerning the City's police union contract. (DE 1 ¶¶ 91–97). Following that incident, the Mayor suspended Plaintiff for three business days without pay. (DE 1 ¶¶ 98–103, 131). According to the suspension notice, Plaintiff's conduct "did not reflect the respect, accountability, and decorum required of senior leadership" within the City. (DE 1 ¶ 98, at 15). The City Council subsequently voted to uphold Plaintiff's suspension at its September 17, 2025 meeting. (DE 1 ¶ 111). Plaintiff alleges that the City also issued him a written reprimand, restricted his access to City operations during the suspension, and required him to attend anger management training. (DE 1 ¶¶ 100–104, 120, 132). Plaintiff contends that the disciplinary actions were unwarranted and motivated by racial animus. (DE 1 ¶¶ 98, 103–104).

Plaintiff further alleges that Councilman Guyton continued to criticize him during public City Council meetings in February and March 2026, including repeatedly referring to Plaintiff's race during the February meeting and accusing him of misconduct. (DE 1 ¶¶ 122–141). During the February meeting, Councilman Guyton referred to tensions between black and white

individuals and stated that Plaintiff had been disrespectful to City employees. (DE 1 ¶ 123). Plaintiff also alleges that the City treated black employees and officials more favorably, including by declining to discipline certain officials for misconduct that Plaintiff contends was comparable to or more serious than his own. (DE 1 ¶¶ 103–110, 121, 125–127). Specifically, Plaintiff alleges that Mayor Douglas Lawson and former Councilman McCoy were not disciplined following a physical altercation at City headquarters. (DE 1 ¶¶ 106–110, 121). Based on these allegations, Plaintiff brings the following claims:

| **Count** | **Claim** |
|---|---|
| I | Title VII Race/Skin Color Discrimination |
| II | Title VII Race/Skin Color Hostile Work Environment |
| III | Disparate Treatment in Disciplinary Practices |

(DE 1).

## II. <u>LEGAL STANDARD</u>

By way of this motion, the City seeks dismissal of the Complaint pursuant to Fed. R. Civ. P. 12(b)(6). In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court must accept a plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Although Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," a mere "formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Instead, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## III. DISCUSSION

The City raises several arguments in support of dismissal and also requests that the Court strike certain allegations under Fed. R. Civ. P. 12(f). (DE 18 at 7–8). The Court addresses each argument in turn.

### A. Shotgun Pleading

The City first urges the Court to dismiss the Complaint as a shotgun pleading. (DE 18 at 3–4). Pursuant to Fed. R. Civ. P. 8(a)(2), a complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Pursuant to Fed. R. Civ. P. 10(b), each claim be presented in separate, numbered paragraphs, "each limited as far as practicable to a single set of circumstances," with "each claim founded on a separate transaction or occurrence . . . stated in a separate count." Complaints that violate Rules 8(a)(2) and 10(b) are known as "shotgun pleadings." *See Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021).

Shotgun pleadings fail to give defendants "adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015). Shotgun pleadings commonly suffer from one or more of the following deficiencies:

> (1) they contain multiple counts, with each count adopting the allegations of all preceding counts, thereby causing each successive count to carry all that came before, and leaving the last count to be a combination of the entire complaint;
>
> (2) they are replete with conclusory, vague, and immaterial allegations not obviously connected to any particular cause of action;
>
> (3) they do not separate each cause of action into a different count; and
>
> (4) they assert multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions.

*Id.* at 1321-23.

Upon review of the Complaint here, the Court agrees it suffers from one of the common sins of shotgun pleadings, namely, commingling of legal theories and causes of action. To begin, Counts I and III appear to allege overlapping claims of discrimination based on the same adverse employment actions, i.e., unwarranted discipline. *Compare* DE 1 ¶ 151 (complaining that "Plaintiff suffered severe adverse employment actions … including his suspension, reprimand and mandatory training") *with* DE 1 ¶ 177 (complaining that Plaintiff was "more harshly disciplined, publicly reprimanded and suffered more extreme adverse employment actions"). After reviewing Counts I and III multiple times, the Court cannot determine how the two counts differ in any material way.

Next, Count II purports to allege a claim for hostile work environment, which the Eleventh Circuit recognizes when an employer creates or allows an environment of racial harassment so severe or pervasive as to alter the terms and conditions of employment. *See Alhallaq v. Radha Soami Trading, LLC*, 484 F. App'x 293, 295 (11th Cir. 2012). Although Count II bears the title of "hostile work environment," Counts I and III include numerous allegations sounding in this legal theory as well. *See* DE 1 ¶¶ 147, 152, 173, 175 (complaining about harassing behavior); DE 1 ¶¶ 150, 185 (complaining about discrimination or harassment that "was and is severe and pervasive, and altered the terms and conditions of Plaintiff's employment"). As a result, all three counts seem to allege a claim for hostile work environment.

Due to the confusing nature of the claims alleged, the Court finds that the Complaint fails to give the City adequate notice of the claims against it and the grounds upon which each claim rests. The Complaint should therefore be dismissed as a shotgun pleading with leave to file an Amended Complaint that alleges clear, identifiable, and separate causes of action.

**B. Remaining Grounds for Dismissal**

The City raises numerous additional grounds for dismissal, including failure to state a claim upon which relief can be granted. Given the conclusion reached in part III.A above, the

Court declines to reach these arguments. The Court cannot assess the viability of claims under Rule 12(b)(6) without a clear understanding of the precise claims alleged. The City remains free to raise these dismissal arguments anew when and if Plaintiff submits an Amended Complaint.

**C. Request to Strike**

The City next urges the Court to strike certain allegations from the Complaint pursuant to Fed. R. Civ. P. 12(f), which allows courts to "strike from a pleading … any redundant, immaterial, impertinent, or scandalous matter." (DE 18 at 7–8). Specifically, the City requests the Court to strike Plaintiff's allegation that the City is "mired in corruption" and that City officials "abuse[d] the public's trust." (DE 1 ¶¶ 18, 20). The City also requests the Court to strike certain allegations the City perceives as personal attacks and disparagement against City officials and employees. (DE 1 ¶¶ 28 n.4, 29, 30, 32, 64, 66, 105, 108-109, 109 n.9, 121, 126, 134, 135).

As a general rule, motions to strike should be denied "unless the material has no possible relation to the controversy and may cause prejudice to one of the parties." *Williams v. Delray Auto Mall, Inc.*, 289 F.R.D. 697, 700 (S.D. Fla. 2013). Courts view Rule 12(f) as a drastic, disfavored remedy. *See, e.g.*, *Inlet Harbor Receivers, Inc. v. Fid. Nat'l Prop. & Cas. Ins. Co.*, No. 6:08-cv-346, 2008 WL 3200691, at *1 (M.D. Fla. Aug. 6, 2008) (noting that motions to strike are "often considered time wasters").

Applying this standard here, the Court finds no basis to strike the allegations at issue. In the Court's view, the allegations provide background information relevant to Plaintiff's claims, which involve Plaintiff's interaction with City officials and employees concerning their failure to follow City policies regarding hiring practices, travel reimbursements, and the like. The Court therefore denies the motion to strike and would do so for any similar allegations in future pleadings as well.

## IV. RECOMMENDATION & NOTICE OF RIGHT TO OBJECT

For the reasons stated above, the undersigned **RECOMMENDS** that Defendant's Motion to Dismiss (DE 18) be **GRANTED** as follows:

1. Plaintiff's Complaint (DE 1) should be **DISMISSED WITHOUT PREJUDICE,** and Plaintiff should be granted leave to file an Amended Complaint. **Pending the District Judge's resolution of this Report and Recommendation, Plaintiff may only file an Amended Complaint in full compliance with Fed. R. Civ. P. 15**.

2. The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge Aileen M. Cannon. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.

3. **IF A PARTY DOES NOT INTEND TO OBJECT TO THIS REPORT AND RECOMMENDATION, THE PARTY SHALL FILE A NOTICE TO THAT EFFECT WITHIN FIVE (5) DAYS.**

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 17th day of November 2026.

RYON M. MCCABE
U.S. MAGISTRATE JUDGE